UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EASTERN ATLANTIC STATES CARPENTERS FUNDS AND TRUSTEES THEREOF, et al., <br><br> Petitioners, <br><br> v. <br><br> INDUSTRIAL CONSTRUCTION OF NJ, INC., <br><br> Defendant | Case No. 2:24-cv-05237 <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

I. **BACKGROUND**

On June 14, 2024, this Court entered judgment in favor of Petitioners Eastern Atlantic States Carpenters Funds and the Trustees Thereof and Eastern Atlantic States Regional Council of Carpenters in the sum of $1,218,316.55, plus the Court's filing fee of $405.00, against Defendant Industrial Construction of New Jersey, Inc. ECF No. 4. On September 13, 2024, the Court issued a writ of execution at Petitioners' request. ECF No. 5. The Court issued a second writ of execution on April 2, 2025, again at Petitioners' request. ECF No. 6.

On May 12, 2025, Petitioners filed a motion to enforce their rights as litigants. ECF No. 7. The motion is accompanied by a certification of counsel, in which Petitioners' counsel avers that Defendant failed to respond an information subpoena sent via first-class mail and via email, and that Defendant subsequently failed to appear for a scheduled deposition as noticed on April 3, 2025. ECF No. 7-2. Petitioners' motion seeks an order (1) declaring that Defendant has violated Petitioners' litigant rights by failing to participate in post-judgment discovery, (2) requiring that Defendant respond to Petitioners' information subpoena, and (3) holding that "if Respondent fails to comply with the Information Subpoena within ten (10) days of the certified date of personal service or mailing of this Order, a warrant for the arrest of Respondent's principal shall issue out of this Court without further notice." *Id.* Petitioner's motion is not accompanied by a brief, and Defendant submitted no opposition.

II. **DISCUSSION**

The starting point for a federal court contemplating relief related to a post-judgment discovery request is Federal Rule of Civil Procedure 69. Under that rule, "the execution of a money judgment in federal court 'must accord with the procedure of the state where the court is located.'" *Edmonson v. Lilliston Ford Inc.*, 2024 WL 5155557 (3d Cir. Dec. 18, 2024) (citing Fed. R. Civ. P. 69(a)(1)). In executing a money judgment, "the judgment creditor … may obtain

discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The corresponding state procedural rule in New Jersey is New Jersey Court Rule 4:59-1, which provides in relevant part that:

> [i]n the aid of the judgment or execution, the judgment creditor ... may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or the judgment creditor may proceed as provided by R. 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by R. 1:5-2 for service on a party.

Rule 6:72, in turn, sets forth the requirements for a motion to enforce litigant rights—*i.e.*, the instant motion—and provides that a judgment-debtor who fails to appear in court may be arrested and brought before a judge of the Superior Court for noncompliance. *See* N.J. Ct. R. 6:72(e)-(g).

According to Petitioners' certification of counsel, ECF No. 7-2, the Defendant was properly served with a valid information subpoena and failed to respond. Respondent has violated Petitioners' rights as litigants, and the Court will issue an order requiring a prompt response by Defendant.

While the state rules provide for the issuance of a warrant for a defendant's arrest for noncompliance, even in the Rule 69 context, this Court "looks to the procedure and practice of New Jersey state courts merely for guidance and is in no way bound by its strictures." *Davis v. Erigere Repidus Solutions ERS, Inc.*, 2024 WL 4751249 (D.N.J. Nov. 12, 2024). In this instance, the Court declines to adopt the state court's procedure wholesale, and instead finds that the appropriate remedy for noncompliance with this order would be the issuance of sanctions as contemplated by Fed. R. Civ. P. 37(b)(2)(A):

> If a party or a party's officer, director, or managing agent ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

  Should Defendant fail to abide this Court's order, Petitioners may file a motion for sanctions seeking appropriate relief in accordance with Federal Rule 37(b)(2). If such a motion is warranted, Defendant and/or its attorneys will be liable to Petitioner "to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey this order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### III.  CONCLUSION

  For the foregoing reasons, Petitioners' motion to enforce their rights as litigants is **GRANTED**. An appropriate order follows.

**DATE:** June 16, 2025

WILLIAM J. MARTINI, U.S.D.J.